Qiao v. Lynch

BIA
Schoppert, IJ
A200 930 239

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of  June, two thousand sixteen.

PRESENT:
        JON O. NEWMAN,
        DENNIS JACOBS,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*
_____

QIANFENG QIAO,
        *Petitioner,*

        v.                                          15-319
                                                    NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Zhen Liang Li, Law Office of Zhen
                         Liang Li, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal
                         Deputy Assistant Attorney
                         General; Jamie M. Dowd, Senior
                         Litigation Counsel; Andrew N.
                         O'Malley, Trial Attorney, Office
                         of Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qianfeng Qiao, a native and citizen of China, seeks review of a January 6, 2015, decision of the BIA, affirming an April 2, 2013, decision of an Immigration Judge ("IJ") denying Qiao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qianfeng Qiao,* No. A200 930 239 (B.I.A. Jan. 6, 2015), *aff'g* No. A200 930 239 (Immig. Ct. N.Y. City Apr. 2, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) ("Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions . . . including the portions not explicitly discussed by the BIA."). The standards of review are well established. 8 U.S.C. § 1252(b)(4); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008).

2

The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer therefore to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the agency's determination that Qiao was not credible.

The agency reasonably relied on inconsistencies among Qiao's testimony, his written statement, and letters from his father and uncle regarding whether he went to the hospital for treatment of his injuries and who accompanied him. *See Xiu Xia Lin*, 534 F.3d at 166-67. Qiao's written statement makes no mention of a hospital visit, yet he testified that both his uncle and parents brought him to the hospital, a statement which conflicted with letters from his uncle and father. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent."). When asked to explain these discrepancies, Qiao reiterated that both his uncle and parents

3

accompanied him to the hospital and stated that he did not know why his father and uncle would state otherwise. The agency was not compelled to credit this explanation because Qiao did not explain the inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency also reasonably relied on Qiao's inconsistent testimony regarding when he began attending church in the United States—he testified that he began attending services in the United States in May 2010, but his statement asserts that he did not enter the United States until August 2010. Qiao's witness's testimony raises a similar problem; she testified that she met Qiao in the United States in June 2010, but this was two months before his purported arrival date. The IJ reasonably relied on these inconsistencies. 8 U.S.C. § 1158(b)(1)(B)(iii) (listing inconsistencies between applicant and witness as grounds for an adverse credibility determination). The IJ was not compelled to accept Qiao's explanations that these were mistakes, particularly given the

4

additional inconsistencies in dates and in his witness's testimony. *See Majidi*, 430 F.3d at 80.

Finally, the agency reasonably relied on additional inconsistencies among Qiao's testimony, his witness's testimony, and his documentary evidence. Qiao's testimony, a letter from his church, and his witness's affidavit all identified the witness as a church elder. The witness testified otherwise. The inconsistency is clear from the record and unexplained; and the witness's response that she just signed what she was told further impugned her credibility. *Id*.

The inconsistencies between Qiao's testimony and the documentary evidence also support the agency's conclusion that Qiao failed to rehabilitate his credibility with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007); *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007).

Given the multiple inconsistencies within and among the testimony and documentary evidence, substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 165-66. That finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Accordingly,

we do not reach the Government's argument that Qiao failed to exhaust his CAT claim. *See also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk